IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STATE FARM AND CASUALTY COMPANY, an Illinois corporation, | ) ) | CIV. NO. 12-00687 JMS-KSC |
| | ) | ORDER (1) GRANTING PLAINTIFF |
| Plaintiff, | ) | STATE FARM AND CASUALTY |
| | ) | COMPANY'S MOTION FOR |
| vs. | ) | SUMMARY JUDGMENT, DOC. NO. |
| | ) | 24; AND (2) DENYING |
| HAWAII HOPE MISSION BAPTIST | ) | DEFENDANTS/COUNTER- |
| CHURCH, CHANG KYOO PARK, | ) | CLAIMANTS' COUNTER-MOTION |
| HYON KYONG PARK, JUNG | ) | FOR SUMMARY JUDGMENT, DOC. |
| SHIN, and JONG HO SHIN, | ) | NO. 27 |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER (1) GRANTING PLAINTIFF STATE FARM AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT, DOC. NO. 24; AND (2) DENYING DEFENDANTS/COUNTER-CLAIMANTS' COUNTER-MOTION FOR SUMMARY JUDGMENT, DOC. NO. 27**

## I. INTRODUCTION

In this action, Plaintiff State Farm Fire and Casualty Company ("State Farm") seeks a declaration under 28 U.S.C. § 2201 that it owes no duty to defend or indemnify Hawaii Hope Mission Baptist Church (the "Church"), Chang Kyoo Park, Hyon Kyong Park, Jung Shin, and Jung Ho Shin (collectively, "Defendants") in an action against Defendants pending in the First Circuit Court of the State of Hawaii, Civil No. 12-1-2598-10 (the "Underlying Action") brought by Pak Bok

Su, Kyong Cha Park, Young Sook Chung, Kyong Ok Um, Jung Hui Bang, Yeon

Sil Baeck, Kum Bun Lee, Sarah H. Kim, and Pauline William (collectively

"Underlying Plaintiffs").

Currently before the court is State Farm's Motion for Summary

Judgment, and Defendants' Counter-Motion for Summary Judgment, both seeking

a determination whether State Farm has a duty to defend and/or indemnify

Defendants against the Underlying Action.  Based on the following, the court

concludes that the Underlying Action does not raise the potential for

indemnification liability, and thus State Farm has no duty to defend the action.

Accordingly, the court GRANTS State Farm's Motion for Summary Judgment, and

DENIES Defendants' Counter-Motion for Summary Judgment.

## II.  <u>BACKGROUND</u>

### A.    **Factual Background**

The court begins by setting forth the essential facts and claims alleged

against Defendants in the Underlying Action, which are assumed to be true for

purposes of this declaratory relief action.  *See, e.g.*, *Burlington Ins. Co. v. Oceanic*

*Design & Constr., Inc.*, 383 F.3d 940, 944-45 (9th Cir. 2004) ("The focus is on the

alleged claims and facts.").  The court then sets forth potentially relevant

provisions of State Farm's insurance policy.

### 1. *The Underlying Action*

The Underlying Action was filed on October 19, 2012, and its First Amended Complaint (the "Underlying FAC"), filed on January 7, 2014, makes the following allegations:

Chang Kyoo Park ("Mr. Park") is the Church's minister, and Hyon Kyong Park is his wife; Jung Shin is the Church's treasurer, and Jong Ho Shin is his wife; and Chang Kyoo Park, Jung Shin, and Jong Ho Shin are "reportedly" directors of the Church. Doc. No. 25-1, Pl.'s Ex. 1 ¶¶ 6-11. Underlying Plaintiffs are all members of the Church, and have regularly donated money, which is how the Church obtains the bulk of its revenue. *Id.* ¶¶ 5, 12.

By the end of 2007, the Church reported that it had more than $1 million in its bank accounts, and in February 2008, the Church purchased the leasehold interest and building located at 1640 S. King Street, Honolulu, Hawaii 96826 (the "Church Property") for $500,000. *Id.* ¶¶ 13-14. The Church subsequently spent several hundred thousand dollars renovating the space for use as a church. *Id.* ¶ 16.

In 2012, Mr. Park sold the Church's interest in the Church Property for $280,000. *Id.* ¶ 17. Church members also learned that Mr. and Mrs. Park used Church monies to purchase, among other things, (1) a fee simple condominium

apartment for $500,000, (2) a 2010 Lexus for $58,000 paid in cash; (3) the Church

Property; and (4) unspecified property in Korea.  *Id.* ¶¶ 19-21.

In 2012, members of the Church raised questions about the Church's

finances, pointing out that financial reports and accountings had not been given to

the membership in several years.  *Id.* ¶ 18.  In response, Mr. Park refused to answer

questions regarding the Church's finances, told dissident members to leave the

Church if they disagreed with him, and engineered dissident members' removal.

*Id.* ¶ 24.  Due to Defendants' failure to provide an accounting and disclosures

regarding the Church's finances, membership in the Church declined from a high

of 150 to just 17 members as of August 1, 2012.  *Id.* ¶ 23.

The Underlying FAC further asserts, upon information and belief, that

Mr. and Mrs. Park intend to take the Church's funds and relocate outside of

Hawaii.  *Id.* ¶¶ 25-26.  Finally, the Underlying FAC asserts that Mr. Park assaulted

Underlying Plaintiff Sarah Kim ("Ms. Kim") on September 9, 2012.  *Id.* ¶ 42.

Based on these allegations, the Underlying FAC asserts claims for

injunctive relief, conversion, removal of officers, breach of fiduciary duty,

unlawful distributions, return of misappropriated funds, assault, emotional distress,

unfair and deceptive trade practices, punitive damages, civil conspiracy, and

racketeering.  Beyond the injunctive relief, Plaintiffs also seek special, general, and

punitive damages.

### 2.    The Relevant Policy Language

State Farm issued a church policy to the Church, No. 91-BB-J795-2,

covering the period from December 14, 2011 through December 14, 2012 (the

"Church Policy").  The Church Policy insured the Church Property at 1640 S. King

Street in Honolulu.  *See* Doc. No. 28-8, Defs.' Ex. F.

At issue is the Church Policy's coverage for "bodily injury,"[1] which

provides as follows:

> We will pay those sums that the insured becomes legally
> obligated to pay as damages because of **bodily injury,**
> **property damage, personal injury** or **advertising**
> **injury** to which this insurance applies. . . .  This
> insurance applies only:
> 1.    to **bodily injury** or **property damage** caused by
>       an **occurrence** which takes place in the **coverage**
>       **territory** during the policy period . . . .

*Id.* at HHM00042, § II, Comprehensive Business Liability.  The Church Policy

further provides that "[w]e will have the right and duty to defend any claim or **suit**

---

[1]  State Farm argues that the only arguably applicable provisions in the Church Policy are
for "property damage," "bodily injury," and the "Option CP - Clergy Professional Liability"
coverage, and that the claims of the Underlying Action do not fall under any of them.
Defendants concede in their Counter-Motion/Opposition that the focus of the parties' dispute is
on whether the Underlying Action raises claims for "bodily injury."

seeking damages payable under this policy even though the allegations of the **suit** may be groundless, false or fraudulent." *Id.* at "Right and Duty to Defend."

The Church Policy defines "bodily injury" as "**bodily injury**, sickness or disease sustained by a person, including death resulting from **bodily injury**, sickness or disease at any time." *Id.* at HHM00049, at Definitions. An "occurrence" means:

> a.      an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in **bodily injury** or **property damage** . . . .
>
> For purposes of this definition, **bodily injury** or **property damage** resulting from the use of reasonable force to protect persons or property will be considered an accident.

*Id.* at HHM00050.

The Church Policy further limits liability for 'bodily injury" by the following exclusion:

> **EXCLUSIONS**
> Under Coverage L, this insurance does not apply:
> 1.      to **bodily injury** or **property damage**:
>> a.      expected or intended from the standpoint of the insured; or
>> b.      to any person or property which is the result of willful and malicious acts of the insured.
>
> This exclusion does not apply to **bodily injury** or **property damage** resulting from the use of reasonable force to protect persons or property;

*Id.* at HM00043, at Business Liability Exclusions.

**B.     Procedural History**

After the Underlying Action was filed on October 19, 2012,

Defendants tendered the defense to State Farm, which is providing a defense

pursuant to a Reservation of Rights under the Church Policy.

On December 18, 2012, State Farm filed this declaratory relief action

seeking "a binding declaration that State Farm has no duty to defend and/or

indemnify the Defendants for the claims asserted in the Underlying Lawsuit or for

any claims that may arise out of the subject matter of the Underlying Lawsuit."

Doc. No. 1, Compl. at 13.

On January 29, 2014, State Farm filed its Motion for Summary

Judgment.  Doc. No. 24.  Defendants filed an Opposition and Counter-Motion on

February 24, 2014, Doc. No. 27, State Farm filed a Reply and Opposition to the

Counter-Motion on March 3, 2014, Doc. No. 31, and Defendants filed a Reply in

support of its Counter-Motion on March 10, 2014. Doc. No. 33.  Pursuant to Local

Rule 7.2(d), the court determines the Motions without a hearing.

### III.  <u>STANDARD OF REVIEW</u>

Summary judgment is proper where there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(a).  Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact."  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004).  "When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*."  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor." (citations omitted)).

## IV.  ANALYSIS

Federal jurisdiction is proper under 28 U.S.C. § 1332 based upon diversity of citizenship -- State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois, the Church is a non-profit corporation registered in Honolulu, and the individual Defendants are residents of Honolulu. Doc. No. 1, Compl. ¶¶ 1-4. Thus, Hawaii substantive law applies in this suit based upon diversity jurisdiction. *See, e.g.*, *Burlington Ins. Co.*, 518 F. Supp. 2d at 1246; *Apana v. TIG Ins. Co.*, 504 F. Supp. 2d 998, 1003 (D. Haw. 2007). And "[i]n the absence of controlling state law, a 'federal court sitting in diversity must

[generally] use its own best judgment in predicting how the state's highest court would decide the case.'" *Apana*, 504 F. Supp. 2d at 1003 (quoting *Tirona v. State Farm Mut. Auto. Ins. Co.*, 812 F. Supp. 1083, 1085 (D. Haw. 1993) (citations omitted)).  The court thus outlines the legal framework under Hawaii law used to interpret the Church Policy and to determine the scope of an insurer's coverage duties, and then addresses the parties' arguments.

**A.     Framework for Construing Insurance Contracts**

"Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, restricted, or modified by any rider, endorsement or application attached to and made a part of the policy."  Hawaii Revised Statutes ("HRS") § 431:10-237.  Thus, Hawaii law looks to the plain language of the insurance policy to determine the scope of an insurer's duties.  *See, e.g.*, *Sentinel Ins. Co. v. First Ins. Co. of Haw.*, 76 Haw. 277, 287, 875 P.2d 894, 904 (1994); *see also Hawaiian Ins. & Guar. Co. v. Fin. Sec. Ins. Co.*, 72 Haw. 80, 87, 807 P.2d 1256, 1260 (1991) ("In the context of insurance coverage disputes, we must look to the language of the insurance policies themselves to ascertain whether coverage exists, consistent with the insurer and insured's intent and expectations."); *Burlington Ins. Co.*, 383 F.3d at

10

945 ("In Hawaii, the terms of an insurance policy are to be interpreted according to their plain, ordinary, and accepted sense in common speech.").

Nevertheless, insurance policies must be construed "in accordance with the reasonable expectations of a layperson." *Hawaiian Isle Adventures, Inc. v. N. Am. Capacity Ins. Co.*, 623 F. Supp. 2d 1189, 1194 (D. Haw. 2009) (citing *Dawes v. First Ins. Co. of Haw.*, 77 Haw. 117, 121, 883 P.2d 38, 42 (1994)). Insurance contracts are "contracts of adhesion" and Hawaii law "ha[s] long subscribed to the principle that [insurance contracts] must be construed liberally in favor of the insured and any ambiguities must be resolved against the insurer." *Guajardo v. AIG Haw. Ins. Co.*, 118 Haw. 196, 202, 187 P.3d 580, 586 (2008) (citing *Dairy Rd. Partners v. Island Ins. Co.*, 92 Haw. 398, 411-12, 992 P.2d 93, 106-07 (2000) (internal citations, quotation marks, brackets, and ellipses omitted)); *see also Hart v. Ticor Title Ins. Co.*, 126 Haw. 448, 456, 272 P.3d 1215, 1223 (2012).

An insurer's duty to defend is broader than its duty to indemnify and "arises whenever there is the mere potential for coverage." *Commerce & Indus. Ins. Co. v. Bank of Haw.*, 73 Haw. 322, 326, 832 P.2d 733, 735 (1992) (citations omitted). "In other words, the duty to defend 'rests primarily on the *possibility* that coverage exists. This possibility may be remote but if it exists[,] the [insurer] owes

the insured a defense.'"  *Dairy Rd. Partners*, 92 Haw. at 412, 992 P.2d at 107

(quoting *Standard Oil Co. of Cal. v. Hawaiian Ins. & Guar. Co.*, 65 Haw. 521,

527, 654 P.2d 1345, 1349 (1982)); *see also Hart*, 126 Haw. at 458, 272 P.3d at

1225 ("[A]n insurer's duty to defend attaches when the language of the pleadings

may plausibly be read as asserting a present claim.").

   In determining whether an insurer has a duty to defend, Hawaii courts

apply the "complaint allegation rule," where

> [t]he focus is on the alleged claims and facts.  The duty to
> defend "is limited to situations where the pleadings have
> alleged claims for relief which fall within the terms for
> coverage of the insurance contract.  'Where pleadings fail
> to allege any basis for recovery within the coverage
> clause, the insurer has no obligation to defend.'"

*Burlington Ins. Co.*, 383 F.3d at 944-45 (quoting *Hawaiian Holiday Macadamia*

*Nut Co. v. Indus. Indem. Co.*, 76 Haw. 166, 169, 872 P.2d 230, 233 (1994)).  "In

determining whether coverage exists under a liability policy, Hawaii courts do not

look at the way a litigant states a claim, but rather at the underlying facts alleged in

the pleadings."  *Allstate Ins. Co. v. Miller*, 732 F. Supp. 2d 1128, 1134 (D. Haw.

2010) (citing *Bayudan v. Tradewind Ins. Co.*, 87 Haw. 379, 387, 957 P.2d 1061,

1069 (Haw. App. 1998)); *see also Dairy Rd. Partners*, 92 Haw. at 417, 992 P.2d at

112 ("[W]hen the *facts* alleged in the underlying complaint unambiguously exclude

the possibility of coverage, conclusory assertions contained in the complaint

12

regarding the legal significance of those facts (such as that the facts as alleged demonstrate 'negligent' rather than 'intentional' conduct) are insufficient to trigger the insurer's duty to defend.").

Thus, to obtain summary judgment that it has no duty to defend, an insurer has the burden of proving that there is "no genuine issue of material fact with respect to whether a *possibility* exist[s]" that the insured will incur liability for a claim covered by the policy. *Dairy Rd. Partners*, 92 Haw. at 412, 992 P.2d at 107. In other words, the insurer must prove that it is not possible for the plaintiff in the underlying lawsuit to prevail against insured on a claim that is covered by the Policy. *See id.* at 412-13, 992 P.2d at 107-08. "All doubts as to whether a duty to defend exists are resolved against the insurer and in favor of the insured." *Id*. at 412, 992 P.2d at 107.

**B.     Application of Framework**

State Farm requests that this court determine as a matter of law that it has no duty to defend or indemnify Defendants in the Underlying Action because, among other reasons, the Underlying Action asserts claims against Defendants based on intentional conduct, and the Church Policy excludes intentional conduct

from coverage.[2]  In opposition, Defendants concede both that the Church Policy

excludes from coverage intentional acts, and that the Underlying Action largely

asserts claims for intentional conduct.  Defendants nonetheless argue that the

Underlying Action's claims for emotional distress and assault encompass

negligence and/or recklessness, to which the Church Policy's provisions for

"bodily injury" applies.  Resolving all doubts against State Farm, the court finds

that the Underlying Action asserts only intentional conduct to which the Church

Policy does not apply.

Starting with the language of the Church Policy, it plainly excludes

intentional conduct.  The Church Policy provides coverage for "bodily injury . . .

caused by an occurrence," with the definition of bodily injury excluding injury that

is "expected or intended from the standpoint of the insured," and with the

definition of "occurrence" limited to accidents.  Thus, for State Farm to have a

duty to defend, any bodily injuries asserted in the Underlying Action cannot be the

expected or reasonably foreseeable result of Defendant's own intentional acts or

omissions.  *See also Hawaiian Holiday*, 76 Haw. at 170, 872 P.2d at 234

(explaining that under Hawaii caselaw, "in order for the insurer to owe a duty to

---

[2]  The parties also dispute whether the Church Policy provides coverage for all
Defendants.  Because the court finds that none of the claims in the Underlying Action is covered
by the Church Policy, the court need not reach this issue.

defend or indemnify, the injury cannot be the expected or reasonably foreseeable result of the insured's own intentional acts or omissions").

Turning to the claim for assault, the Underlying FAC asserts for Count VIII that Mr. Park "assaulted Plaintiff Sarah Kim on or about September 9, 2012."  Doc. No. 25-1, Pl.'s Ex. 1 ¶ 42.  Although the Hawaii Supreme Court has not addressed the elements of a tort claim for assault, courts in this District have uniformly held that an assault claim is an intentional tort -- "[a] person commits the common law tort of assault if he or she acts with intent to cause another a nonconsensual harmful or offensive contact or apprehension thereof, and the other person apprehends imminent contact." *Mukaida v. Hawaii*, 159 F. Supp. 2d 1211, 1223 (D. Haw. 2001); *See Freeland v. Cnty. of Maui*, 2013 WL 6528831, at *20 (D. Haw. Dec. 11, 2013); *Salameh v. City & Cnty. of Honolulu*, 2012 WL 1109052, at *6 (D. Haw. Mar. 30, 2012); *McCormack v. City & Cnty. of Honolulu*, 762 F. Supp. 2d 1246, 1253 (D. Haw. 2011); *Thourot v. Tanuvasa*, 2011 WL 2746334, at *7 (D. Haw. July 11, 2011); *Hoe v. City & Cnty. of Honolulu*, 2007 WL 1118288, at *7 (D. Haw. Apr. 12, 2007); *see also Garcia v. United States*, 826 F.2d 806, 810 n.9 (9th Cir. 1987).

That intent is a required element of a tort claim for assault is reflected in the Restatement (Second) of Torts § 21 (1965) (the "Restatement"), which provides:

> (1) An actor is subject to liability to another for assault if
>     (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and
>     (b) the other is thereby put in such imminent apprehension.
> (2) An action which is not done with the intention stated in Subsection (1, a) does not make the actor liable to the other for an apprehension caused thereby although the act involves an unreasonable risk of causing it and, therefore, would be negligent or reckless if the risk threatened bodily harm.

Although Hawaii courts have not specifically adopted this section of the Restatement, they have relied on and adopted many portions of the Restatement. *See, e.g.*, *Bynum v. Magno*, 106 Haw. 81, 86 n.12, 101 P.3d 1149, 1154 n.12 (2004) ("This court has many times relied on the Restatement (Second) of Torts as persuasive authority."); *Hac v. Univ. of Haw.*, 102 Haw. 92, 106, 73, P.3d 46, 60 (2003) (discussing and adopting the Restatement's formulation for intentional infliction of emotional distress claim); *Touchette v. Ganal*, 82 Haw. 293, 298-99, 922 P.2d 347, 352-53 (1996) (stating that Hawaii follows § 315 of the Restatement regarding special relations tort liability).

16

The court believes that the Hawaii Supreme Court would find the caselaw and Restatement persuasive and hold that a common law assault claim under Hawaii law is an intentional tort. Thus, because the assault claim is an intentional tort, it is not a basis for coverage under the Church Policy.[3]

In opposition, Defendants argue that the claim for assault, as pled in the Underlying FAC, raises the possibility of a tort claim for basic negligence or recklessness against Mr. Park. Defendants reason that the Underlying FAC does not allege the tort of assault, but instead uses the verb "assaulted" to describe the incident between Mr. Park and Ms. Kim. Doc. No. 27-1, Defs.' Opp'n at 16. Construing this term broadly, Defendants argue such tort is not purely intentional, and may encompass negligent or reckless conduct if the intent element is not shown. *Id.* at 17. In particular, Defendants rely on § 21(b) of the Restatement providing that "[a]n action which is not done with the intention stated in Subsection (1, a) does not make the actor liable to the other for an apprehension caused thereby although the act involves an unreasonable risk of causing it and, therefore, would be negligent or reckless if the risk threatened bodily harm."

---

[3] The court further notes that as to the assault alone, the Underlying FAC does not allege any resulting injury, suggesting that Ms. Kim did not suffer any "bodily injury," *i.e.*, any "bodily injury, sickness or disease sustained by a person" as a result of the alleged assault.

17

Given that Underlying Plaintiffs do not know Mr. Park's state of mind, Defendants argue that the Underlying FAC at most alleges that Mr. Park acted as if intending to cause a harmful or offensive contact with Ms. Kim, and that if intent cannot be established, then Mr. Park's conduct was negligent or reckless, which would support the NIED claim and trigger coverage under the Church Policy. *Id.* at 18-19.

   The court rejects Defendants' argument. The Underlying FAC alleges a stand-alone claim for assault -- it is listed as Count VII. *See* Doc. No. 25-2, Pl.'s Ex. 1 ¶ 42. And as explained above, to establish a claim for assault the Underlying Plaintiffs must establish that Mr. Park acted with intent to cause Ms. Kim "nonconsensual harm or offensive contact or apprehension thereof." *McCormack*, 762 F. Supp. 2d at 1253. Section 21(b) of Restatement supports this conclusion -- it provides that a defendant *does not* commit the tort of assault if done with the lack of intent. Thus, by alleging that Mr. Park "assaulted" Ms. Kim, the Underlying FAC asserts that he acted with intent and did not act merely negligently or recklessly. Indeed, there are no allegations in the Underlying FAC asserting that Mr. Park acted negligently or recklessly in any manner whatsoever. Rather, the Underlying FAC asserts intentional conduct only.

As to the emotional distress claim, the Underlying FAC asserts that "[a]s a result of the conduct of Defendants, as aforesaid, Plaintiffs have suffered severe and substantial mental and emotional distress and pain and suffering, thereby entitling Plaintiffs to awards of general damages." Pl.'s Ex. 1, FAC ¶ 44. The FAC does not specify whether it is a claim for intentional infliction of emotional distress ("IIED") or negligent infliction of emotional distress ("NIED"). But even assuming that an emotional distress claim could be construed as a claim for "bodily injury,"[4] the Underlying FAC makes clear that this claim is based on the previous allegations -- it states that the emotional distress is "[a]s a result of the conduct of Defendants, as aforesaid." *Id.* Thus, the emotional distress claim is tethered to and defined by the allegations preceding this claim in the Underlying FAC. *See Miller*, 732 F. Supp. 2d at 1134 ("In determining whether coverage exists under a liability policy, Hawaii courts do not look at the way a litigant states a claim, but rather at the underlying facts alleged in the pleadings.").

---

[4] Although the parties dispute whether an emotional distress claim necessarily involves "bodily injury," the court need not resolve this issue in determining summary judgment. *Compare Allstate Ins. Co. v. Gadiel*, 2008 WL 4830847, at *6 (D. Haw. Nov. 7, 2008) (relying on *First Ins. Co. of Haw. v. Lawrence*, 77 Haw. 2, 881 P.2d 489, 494 (1994), for the proposition that "[f]or purposes of insurance coverage in Hawai'i, bodily injuries include emotional distress"); *with Allstate Ins. Co. v. Hui*, 57 F. Supp. 2d 1039, 1045 (D. Haw. 1999) (distinguishing *First Insurance* "because it addressed the question of whether emotional distress constitutes 'accidental harm' within the meaning of a Hawaii statute requiring drivers to obtain no-fault insurance policies to cover damages arising out of accidental harm," and did not address "bodily injury" as used in insurance policies).

The Underlying FAC asserts intentional acts only -- beyond the intentional assault described above, the Underlying FAC asserts that Mr. and Mrs. Park used Church monies to purchase assets for their own benefit, refused to disclose the location of proceeds from the sale of Church property, and intend to leave Hawaii with Church monies, and that Mr. Park "engineered" the removal of dissident Church members.  Given that all of the allegations assert intentional conduct, a natural reading of the Underlying FAC is that it asserts a claim for IIED, not NIED.  In other words, there are no allegations in the Underlying Action of negligent conduct suggesting that the Underlying Plaintiffs are asserting an NIED claim to which the Church Policy would apply.

The court further rejects that the Underlying FAC asserts an NIED claim given that there are no allegations of physical injury, which is generally required to establish a NIED claim.  *See Doe Parents No. 1 v. Dep't of Educ*., 100 Haw. 34, 69-70, 58 P.3d 545, 580-81 (2002) (explaining that to maintain an NIED claim, a person must generally allege "that someone was physically injured by the defendant's conduct, be it the plaintiff himself or herself or someone else").  Even for the assault claim, the Underlying FAC fails to allege any resulting physical injury.

20

In opposition, Defendants argue that as to Ms. Kim, a jury may find that Mr. Park acted only negligently as to the assault claim, and that Ms. Kim could therefore still recover under an NIED theory, which would be covered by the Church Policy.[5]  *See* Doc. No. 27-1, Defs.' Opp'n at 21.  The court rejects this argument for two reasons.  First, there is no such thing as a "negligent" assault claim, and the Underlying FAC does not allege any negligent conduct, much less any facts supporting an NIED claim.  Second, the FAC does not allege that Ms. Kim suffered any physical injury as a result of the assault; rather, by asserting that Mr. Park assaulted Ms. Kim, the Underlying FAC alleges only that Mr. Park acted with intent to cause Ms. Kim nonconsensual harmful or offensive contact or apprehension thereof, and that Ms. Kim apprehended such imminent contact.  *See McCormack*, 762 F. Supp. 2d at 1253.  Thus, the Underlying FAC alleges facts supporting a claim for IIED, not NIED.[6]

---

[5]  In Reply, Defendants further assert that this court should follow *State Farm Fire & Casualty Co. v. Poomaihealani*, 667 F. Supp. 705 (D. Haw. 1987), which determined that a claim against the insured for negligently and/or intentionally injuring his neighbor by striking her in the face was not excluded from coverage.  *Poomaihealani* reasoned there was a genuine question as to whether the insured was acting in self-defense.  *Id*. at 709.  Unlike in *Poomaihealani*, in the Underlying FAC there are no claims of negligence or self-defense.  *See also State Farm Fire & Cas. v. Elsenbach*, 2011 WL 2606005, at *14 (D. Haw. June 30, 2011) (distinguishing *Poomaihealani* on this same basis).

[6]  The court further rejects Defendants' argument that the NIED claim, to the extent based on the alleged assault, may apply to Defendants beyond Mr. Park.  Specifically, Defendants argue that the emotional distress claim is not clearly articulated and therefore may be based on

(continued...)

Defendants also argue that the Underlying Action may fall within the scope of Hawaii cases finding that a physical injury is unnecessary to sustain a NIED claim. *See* Doc. No. 27-1, Defs.' Opp'n at 27-28. *Doe Parents No. 1* recognized that there are certain cases that "present unique circumstances, which provide the requisite assurance that the plaintiff's psychological distress is trustworthy and genuine, [wherein the court has] not hesitated to carve out exceptions to [the] general rule that recovery for psychic injury standing alone is permitted only where there is a predicate physical injury to someone, be it a plaintiff or a third person." 100 Haw. at 70, 58 P.3d at 581 (internal quotation marks and alterations omitted). But this case is not at all similar to those cases recognizing such exception. *See, e.g.*, *id.* at 71, 58 P.3d at 582 (recognizing NIED claim "where a school negligently plac[es] a child in an environment where he or she is left unsupervised with an accused child molester, without undertaking any reasonable effort to ascertain where it can be anticipated that the accused will molest again"); *Guth v. Freeland*, 96 Haw. 147, 154 28 P.3d 982, 989 (2001) (adopting the "minority view," under which the plaintiff claiming that the

---

[6](...continued)
"some sort of negligent hiring, retention, employment, training, or supervision," as to Mr. Park, who was the alleged perpetrator of the assault. Doc. No. 27-1, Opp'n at 24-25. No such theory is alleged in the Underlying FAC (rather, the Underlying FAC alleges an IIED claim based on the various misappropriations of funds and mismanagement of the Church), and in any event there is no physical injury alleged that would support an NIED claim.

defendant was negligent in the course of preparing the body of an immediate family member for funeral, burial, or crematory purposes, could recover for emotional distress standing alone, without establishing that his or her "emotional distress [had] manifest[ed] itself in a physical injury"); *John & Jane Roes, 1-100 v. FHP, Inc.*, 91 Haw. 470, 476-77, 985 P.2d 661 667-68 (1999) (allowing NIED claims to go forward where a plaintiff alleged actual exposure to HIV-positive blood absent any predicate physical harm).  The facts alleged in the Underlying FAC come nowhere close to those cases recognizing an exception.  Rather, the most natural reading of the Underlying FAC is that it alleges a claim for IIED, which is not covered by the Church Policy.

Finally, Defendants argue that State Farm had a duty to investigate the allegations of assault in the Underlying Action, which would have revealed facts suggesting that Mr. Park acted negligently or recklessly.  Doc. No. 27-1, Defs.' Opp'n at 19-20.  In particular, Defendants argue that State Farm should have reviewed the police report of this incident in which Mr. Park asserts that he "performed a blessing of prayer" upon Ms. Kim's back, as well as recordings of people discussing the event in which some people state that Mr. Park was attempting to console Ms. Kim.  *Id.*; *see also* Doc. Nos. 28-2 - 28-3, Defs.' Exs. A-B.

Although *Standard Oil Co. of California v. Hawaiian Insurance & Guaranty Co.*, 65 Haw. 521, 527, 654 P.2d 1345, 1349 (1982), states that in determining coverage, an insurer must employ "a good-faith analysis of all information known to the insured or all information reasonably ascertainable by inquiry and investigation," courts have noted that this statement was made in context where the allegations of the complaint were ambiguous and/or inadequate. *See Allstate Ins. Co. v. Riihimaki*, 2012 WL 1983321, at *11 (D. Haw. May 30, 2012) (discussing *Standard Oil*); *Bayudan v. Tradewind Ins. Co.*, 87 Haw. 379, 384, 957 P.2d 1061, 1066 (Haw. App. 1998) (same); *see also Dairy Rd. Partners*, 92 Haw. at 417, 992 P.2d at 112 ("[W]hen the facts alleged in the underlying complaint unambiguously exclude the possibility of coverage, conclusory assertions contained in the complaint regarding the legal significance of those facts (such as that the facts as alleged demonstrate 'negligent' rather than 'intentional' conduct) are insufficient to trigger the insurer's duty to defend.").  The allegations in the Underlying FAC unambiguously assert claims based on intentional conduct of Defendants such that State Farm had no reason to perform an investigation.[7]

---

[7] And in any event, the police report and audio recordings show only that there are two different stories regarding the alleged assault; they have no bearing on interpreting the allegations in the Underlying Action where there are simply no allegations that Mr. Park acted negligently or recklessly. *See, e.g.*, *Elsenbach*, 2011 WL 2606005, at *13 (determining that insured's "assertion that he 'adamantly denied' the criminal charges also does not raise a

(continued...)

In sum, the court finds no genuine issue of material fact that the Underlying FAC fails to allege any claims sounding in negligence that would be covered by the "bodily injury" provision in the Church Policy.  As a result, State Farm has no duty to defend or indemnify Defendants in the Underlying Action.

## V.  **CONCLUSION**

For the foregoing reasons, the court GRANTS State Farm's Motion for Summary Judgment, and DENIES Defendants' Counter-Motion for Summary Judgment.  State Farm owes no coverage duties as to the Underlying Action.

///

///

///

///

///

///

---

[7](...continued)
potential for coverage").  As a result, the court further rejects Defendants' argument that the court should stay this action pending resolution of the criminal action against Mr. Park stemming from the alleged assault.  *See* Doc. No. 27-1, Defs.' Opp'n at 33.  The resolution of the criminal charges against Mr. Park have no bearing on the allegations and claims in the Underlying Action.  *See also Elsenbach*, 2011 WL 2606005, at *13 (explaining that dismissal of criminal action against the insured "does not affect this Court's analysis").

Judgment shall issue in favor of State Farm.  The Clerk of Court is directed to

close the case file.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, March 14, 2014.



             /s/ J. Michael Seabright
             J. Michael Seabright
             United States District Judge

*State Farm & Cas. Co. v. Haw. Hope Mission Baptist Church et al.*, Civ. No. 12-00687 JMS-KSC, Order (1) Granting Plaintiff State Farm and Casualty Company's Motion for Summary Judgment, Doc. No. 24; and (2) Denying Defendants/Counter-Claimants' Counter-Motion for Summary Judgment, Doc. No. 27